UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHERYL CHAPLIN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:14-cv-1718 |
| | ) |
| KEYSTONE RV COMPANY, | ) |
| | ) |
|    Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF THE CASE

1.  Plaintiff Cheryl Chaplin (herein "Plaintiff") brings this action against Defendant Keystone RV Company (herein "Defendant") alleging that the Defendant violated her rights under the Americans with Disabilities Act Amendment Act ("ADAAA"), 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Indiana Common Law for exercising her rights under Indiana's Workers' Compensation Act (*Frampton* claim).

### PARTIES

2.  Plaintiff is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Northern District of Indiana.

3.  Defendant is a corporation which maintains offices and conducts business within the geographical boundaries of the Northern District of Indiana.

### JURISDICTION AND VENUE

4.  Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

1

5. Plaintiff is an "employee" as defined by 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(2)(A).

6. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5) and 29 U.S.C. § 2611(4)(A).

7. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana; thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Plaintiff satisfied her obligations to exhaust administrative remedies, having timely filed a Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received her right-to-sue notice from the EEOC and now timely files this lawsuit.

## FACTUAL ALLEGATIONS

9. Plaintiff began working for Defendant in or about September 2003.

10. At all times relevant to this Complaint, Plaintiff has worked in the Stripes/Graphics department.

11. Throughout her employment with Defendant, Plaintiff has met or exceeded all of Defendant's legitimate employment expectations.

12. Plaintiff is a qualified individual with a disability and/or has a record of a disability, and/or is perceived by Defendant to have a disability.

13. Plaintiff was able to perform all of the essential functions of her job with a reasonable accommodation.

14. Plaintiff suffers from the following medical conditions that affect one or more major life activities: Bursitis, Myositis, Synovitis, and Epicondylitis involving her right upper

arm; Chronic Glenohumeral Arthritis - Degenerative; Cervical Degenerative Disc Disease; Cervical Facet Arthropathy; and, Cervical Radiculopathy.

15. Upon information and belief, Plaintiff's disabilities were caused, at least in part, by the repetitive motions required by her job with Defendant.

16. On or about January 14, 2013, Plaintiff complained to Plant Manager, Stuart Rauffman, that she believed her arm, shoulder, and neck pain was caused by the repetitive nature of her job in the Stripes/Graphic department and requested to see Defendant's Workers' Compensation doctor.

17. Rauffman told Plaintiff that she could not prove her disabilities were caused by the work she was performing at Defendant and refused her request to see Defendant's Workers' Compensation doctor.

18. On January 16, 2013, Plaintiff presented her Group Leader, Dave Slaughbaugh, with a note from her doctor noting that Plaintiff was suffering from "overuse syndrome causing Bursitis, Myositis, and Epicondylitis involving right upper extremity" and requesting that Plaintiff be given "other activities at work to give some rest to the right extremity and break the cycle of repetitive injury to the right upper extremity."

19. Slaughbaugh denied Plaintiff's request and required Plaintiff to return to her position in the Stripe/Graphics department.

20. On January 17, 2013, Plaintiff applied for FMLA leave because Defendant refused to accommodate her restrictions.

21. On January 23, 2013, Plaintiff submitted a 28-page letter to HR Manager, Tim Edwards, complaining about disability discrimination, harassment, and Defendant's failure to accommodate her restrictions, among other things.

3

22. Edwards called Plaintiff while Plaintiff was on FMLA and accused her of falsifying her complaint.

23. Edwards told Plaintiff that he would meet with her following her return from FMLA to discuss her request for accommodation, but Edwards did not meet with Plaintiff.

24. On January 25, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

25. Plaintiff was scheduled to return from FMLA leave on January 30, 2014 with restrictions.

26. Plaintiff discussed her restrictions with Workers' Compensation Coordinator, Robin Anderson.

27. Anderson harassed Plaintiff about her restrictions, stating that carrying her purse violated her lifting restriction, among other things, and informed Plaintiff that Defendant would not accommodate her restrictions.

28. Defendant refused to allow Plaintiff to return to work until February 13, 2013.

29. On or about July 8, 2013, Plaintiff presented Rauffman with another doctor's note noting that Plaintiff "has overuse syndrome with elbow and shoulder pain," that Plaintiff's "current work [was] aggravating this overuse syndrome with her repetitive-type of work involving her upper extremities," and requesting that Plaintiff be given "a different type of job responsibility . . . that would involve less repetitive use of her upper extremities."

30. On July 11, 2013, Plaintiff attended a meeting with Rauffman and Anderson to discuss her doctor's note and request for accommodation.

31. During the meeting, Rauffman and Anderson informed Plaintiff that Defendant could not accommodate Plaintiff's request for accommodation.

32. Plaintiff applied for FMLA leave because Defendant refused to accommodate her restrictions.

33. On July 23, 2013, Plaintiff sent a letter to Edwards complaining about Defendant's refusal to accommodate her restrictions.

34. Plaintiff returned from FMLA leave on or about September 13, 2013.

35. Upon her return, Defendant continued to refuse to accommodate her restrictions.

36. On February 27, 2014, following a request from an EEOC investigator, Plaintiff made a settlement demand on Defendant.

37. The EEOC investigator informed Edwards of Plaintiff's settlement demand on February 28, 2014.

38. On March 3 and 6, 2014, Plaintiff was issued written discipline for alleged unsatisfactory work performance.

39. Prior to these write-ups, Plaintiff had not received any discipline since May 2012.

40. On May 1, 2014, Plaintiff submitted a doctor's note stating that she suffers from "chronic neck, shoulder, arm and elbow pain, along with inflammation," requesting that Plaintiff not be required to "do repetitive movements at work due to these factors," and noting that the restriction was "permanent."

41. Upon receiving the May 1, 2014 note, Anderson called Plaintiff and told Plaintiff that Defendant could not accommodate her restrictions and she was putting Plaintiff off work.

42. Plaintiff was on unpaid leave for approximately 2-3 weeks.

43. Defendant sent Plaintiff a letter dated May 7, 2014, stating that Plaintiff may be eligible for FMLA leave.

44. Upon receipt of the letter, Plaintiff called Anderson and informed her that she did

not believe she had an FMLA qualifying condition because her restrictions were permanent and, instead, required an accommodation.

45. In response, Anderson told Plaintiff that she must apply for FMLA leave or be terminated.

46. Plaintiff did not apply for FMLA leave and Defendant terminated Plaintiff's employment.

47. Some time after her discussion with Anderson, Defendant telephoned Plaintiff and recalled her back to work.

48. Upon returning to work, Plaintiff was placed in a paper shredding position.

49. Defendant is paying Plaintiff less than half of her previous salary in the paper shredding position.

50. Any reasons proffered by Defendant for any adverse action taken against Plaintiff, including, but not limited to, putting Plaintiff off work, requiring Plaintiff to use unpaid FMLA leave, discipline, failure to accommodate Plaintiff's restrictions, and reduction in pay are pretext for unlawful discrimination and retaliation.

51. Defendant unlawfully retaliated against Plaintiff because of her requests for FMLA leave and/or her FMLA absences, her requests for accommodations, her complaints of discrimination, and for filing a workers' compensation claim.

52. Defendant unlawfully discriminated against Plaintiff because she is a qualified individual with a disability and/or has a record of disability and/or is perceived by Defendant to be disabled.

53. Defendant failed to engage in the interactive process following Plaintiff's reasonable request for accommodation[s].

6

54. Plaintiff has been and continues to be economically, physically, and emotionally harmed by Defendant's unlawful actions.

## CAUSES OF ACTION

### COUNT I - DISABILITY DISCRIMINATION

55. Plaintiff hereby incorporates paragraphs 1-54 of her Complaint, as if the same were set forth at length herein.

56. Plaintiff is a qualified individual with a disability, has a record of disability, and/or is perceived by Defendant to have a disability.

57. Defendant subjected Plaintiff to disparate treatment because of her disability and/or because it perceived Plaintiff to have a disability and/or because Plaintiff has a record of disability.

58. Defendant treated similarly situated, non-disabled employees better than Plaintiff.

59. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the ADAAA.

60. Plaintiff has been harmed as a result of Defendant's unlawful actions.

### COUNT II - FAILURE TO ACCOMMODATE

61. Plaintiff hereby incorporates paragraphs 1-60 of her Complaint, as if the same were set forth at length herein.

62. Plaintiff requested a reasonable accommodation.

63. Defendant unreasonably denied Plaintiff's request for reasonable accommodation.

64. Defendant failed to engage in the interactive process.

65. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the ADAAA.

7

66. Plaintiff has been harmed as a result of Defendant's unlawful actions.

## COUNT III - DISABILITY RETALIATION

67. Plaintiff hereby incorporates paragraphs 1-66 of her Complaint, as if the same were set forth at length herein.

68. Plaintiff engaged in protected activity when she requested a reasonable accommodation.

69. Plaintiff engaged in protected activity when she complained to Defendant about discrimination.

70. Plaintiff engaged in protected activity when she filed an EEOC Charge.

71. Defendant subjected Plaintiff to retaliation for requesting a reasonable accommodation and/or complaining about discrimination and/or filing an EEOC Charge, including but not limited to, terminating Plaintiff, requiring Plaintiff to use unpaid FMLA leave, disciplining Plaintiff, refusing to accommodate Plaintiff's restrictions, and reducing Plaintiff's pay.

72. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the ADAAA.

73. Plaintiff has been harmed as a result of Defendant's unlawful actions.

## COUNT IV - FMLA RETALIATION AND INTERFERENCE

74. Plaintiff hereby incorporates paragraphs 1-73 of her Complaint, as if the same were set forth at length herein.

75. Defendant interfered with and/or retaliated against Plaintiff for having asserted her right to FMLA leave and/or for availing herself of her rights under the FMLA, including but not limited to, terminating Plaintiff, requiring Plaintiff to use unpaid FMLA leave, disciplining

8

Plaintiff, refusing to accommodate Plaintiff's restrictions, and reducing Plaintiff's pay.

76. Defendant required Plaintiff to use unpaid FMLA leave for non-qualifying conditions and retaliated against Plaintiff when she refused to use FMLA leave.

77. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the FMLA.

78. Defendant's actions interfered with Plaintiff's rights under the FMLA.

79. Plaintiff has been harmed as a result of Defendant's unlawful actions.

## COUNT IV

## RETALIATORY DISCHARGE IN VIOLATION OF INDIANA COMMON LAW

### *(Frampton Claim)*

80. Plaintiff hereby incorporates paragraphs 1-79 of her Complaint, as if the same were set forth at length herein.

81. Plaintiff applied for Workers' Compensation benefits.

82. Defendant retaliated against Plaintiff for requesting Workers' Compensation, including but not limited to, terminating Plaintiff, requiring Plaintiff to use unpaid FMLA leave, disciplining Plaintiff, refusing to accommodate Plaintiff's restrictions, and reducing Plaintiff's pay.

83. Plaintiff has been damaged as a result of Defendant's unlawful retaliation.

84. Defendant acted maliciously or with reckless disregard to Plaintiff's rights as protected by Indiana common law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Cheryl Chaplin, by counsel, respectfully requests that this Court

find for him and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2. Defendant grant Plaintiff's request for reasonable accommodation;

3. Defendant pay lost wages and benefits to Plaintiff;

4. Defendant pay compensatory and punitive damages to Plaintiff;

5. Defendant pay liquidated damages to Plaintiff;

6. Defendant pay pre- and post-judgment interest to Plaintiff;

7. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

8. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)

*s/ Meghan U. Lehner*
Meghan U. Lehner (25899-49)

## DEMAND FOR JURY TRIAL

The Plaintiff, Cheryl Chaplin, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)


**JOHN H. HASKIN & ASSOCIATES**
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
(317) 955-9500
(317) 955-2570 fax
jhaskin@jhaskinlaw.com
mlehner@jhaskinlaw.com

Attorneys for Plaintiff, Cheryl Chaplin